■ In the Matter of PETER M. TALAMO, Appellant, v. PATRICK V. MURPHY, as Police Commissioner of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered on May 31, 1972, affirmed, without costs and without disbursements. Concur — McGivern, P. J., Lupiano and Macken, JJ.; Nunez and Kupferman, JJ., dissent in the following memorandum by Kupferman, J.: We would reverse and grant the petition to annul the Commissioner's determination and remand to the Commissioner for further proceedings not inconsistent herewith. Petitioner was appointed a probationary patrolman and his performance of his duties was completely satisfactory. While on duty and chasing some perpetrators, he tripped over a stanchion and was injured. The Police Surgeon, after an examination, referred him for orthopedic consultation to the Chief Surgeon who found from X-rays an alleged pre-existing wrist condition involving an old fracture, and recommended that petitioner's services be terminated. Petitioner arranged for his own examination by an Honorary Police Orthopedist as well as by a specialist in traumatic surgery, both of whom found that the condition did not warrant dismissal. A three-man panel of Police Department doctors rated the petitioner qualified, but upon hearing from the Chief Surgeon changed their report. The Police Commissioner also relied on the Chief Surgeon, admitting that he was unaware of the contrary opinion. Because of the apparent conflict, Judge Gellinoff directed a trial of the issues. Petitioner is an honorably discharged United States Army veteran where he qualified as a sharpshooter and served in Korea as a helicopter crew chief and gunner. Thereafter, he was employed as a lineman by the New York Telephone Company in the installation of telephone poles. Since his dismissal, he has worked as an iron worker in the construction industry. It is clear from the record that petitioner's services were terminated because it was an easy way of handling the possibility that some day the wrist could give him trouble. If he had not been injured in the performance of his duty as a probationary patrolman, the alleged pre-existing condition would not have been found or considered. Further, the matter was conclusively determined against him as a policy rather than as a reasonably calculated fact. In the termination of his services, he was notified that "your capacity having been unsatisfactory to the Police Commissioner." This was an unfair reflection on him. (See Matter of Reeves v. Golar, 45 A D 2d 163.) Under the circumstances, the matter should be remanded for further proceedings.